STATE OF MINNESOTA, *ex rel.* F. A. Brockhoff, *vs.* CITY OF NORTH-
FIELD.

July 15, 1889.

Intoxicating Liquor — Revocation of License — Opportunity to be
Heard.—In certain proceedings of the city council under Gen. St. 1878,
*c.* 16, § 28, (added by Laws 1887, *c.* 81, § 4,) revoking relator's license as
a retail liquor dealer, *held* that, under the circumstances, there was no
error in the refusal of the council to postpone the investigation on account
of the absence of relator's attorney, and that he was not deprived of "a
reasonable opportunity to be heard."

*Certiorari,* to review the action of the common council of the city
of Northfield, revoking relator's license as a retail liquor dealer.

*A. D. Keyes,* for relator.

*O. F. Perkins* and *W. S. Pattee,* for respondent.

MITCHELL, J. It is sought by this writ to review the proceedings
of the respondent council under Gen. St. 1878, *c.* 16, § 28, (added by
Laws 1887, *c.* 81, § 4,) in revoking relator's license as a retail liquor
dealer for violating a statute by selling to a minor and to intemperate
drinkers. The error complained of is that the relator was not given
a "reasonable opportunity of being heard" in the matter, and particu-
larly that the council improperly refused to postpone the investiga-
tion on the ground of the inability of relator's attorney to be present
on account of illness. Assuming, without deciding, that such pro-
ceedings can be reviewed by *certiorari,* we can see nothing in the ac-
tion of the council which deprived relator of an opportunity to be
heard. A copy of the complaint, with specifications of the four acts
constituting the alleged violations of the law, giving the dates when,
and the names of the persons to whom, the liquor was alleged to have
been furnished, also a notice of the time when and the place where
the council would meet to investigate the charge, had been served on
relator five days before the hearing. While, doubtless, the applica-
tion for a postponement may have been made in good faith, the cir-
cumstances connected with it were such as might not unnaturally
lead the council to doubt, as they say they did, the correctness of the

claim that relator's attorney was unable to be present, and to suspect, as they also say they did, that the object was to postpone the investigation until after the hearing of the application of the relator to the district court for an injunction against their proceeding in the matter. Moreover, the application for continuance was not made under oath. Neither was there any showing that other counsel could not have been obtained; and with the specifications furnished relator, giving names and dates, it could not have required a high order of legal ability, or a great amount of previous preparation, to cross-examine witnesses in support of the charges, or to introduce and examine witnesses in rebuttal. If a court were to refuse a continuance of a cause on the same showing, we could not hold it error. According to the return, which we must take as true, the relator, who was present at the hearing, accompanied by the clerk of his attorney, was informed by the council or the city attorney that he could cross-examine witnesses if he desired, and testify himself, or introduce any evidence he had to offer in his own behalf; but he refused to do so, or take any part in the proceedings, claiming that the council was not a court, and had no right to try him or revoke his license.

Writ quashed.